# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**MARGARITO RIVERA JIMENEZ,**

     **Petitioner,**

**v.**                                                   **Case No. 2:26cv459**

**NEY HIDALGO,** *et al.***,**

     **Respondents.**

## FINAL ORDER

Before the Court is a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. ECF No. 1. In his Petition, the *pro se* Petitioner seeks either release from ICE custody or a bond hearing before an Immigration Judge. *Id.* at 8. On May 26, 2026, the Respondents filed an opposition to the petition. ECF No. 8.  The Petitioner did not file a response.

The matter was referred for disposition to a United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), Federal Rule of Civil Procedure 72(b), Local Civil Rule 72, and the April 2, 2002 Standing Order on Assignment of Certain Matters to United States Magistrate Judges. In a Report and Recommendation ("R&R"), entered on June 1, 2026, the Magistrate Judge recommended that the relief sought by the Petition be granted to the extent the Petitioner seeks a bond hearing before an Immigration Judge, but denied to the extent the Petitioner seeks his immediate release from custody.  ECF No. 9.  The parties were advised of their right to file written objections to the R&R.  Neither the Petitioner nor the Respondents filed an objection with the Court.

Having reviewed the R&R and having considered the record and the R&R and finding no

error, it is hereby **ORDERED** that:

(1) The R&R, ECF No. 9, is **ADOPTED** as the opinion of this Court;

(2) The Petition, ECF No. 1, is **GRANTED IN PART** and **DENIED IN PART**;

(3) Respondents shall provide Petitioner with a fair bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within **SEVEN (7) DAYS** of entry of a final order in this matter;

(4) During Petitioner's bond hearing, Respondents shall the burden of proof of showing that Petitioner is a danger or a flight risk by clear and convincing evidence;

(5) Respondents are **ENJOINED** from denying bond to Petitioner on the grounds that he is detained pursuant to 8 U.S.C. § 1225(b)(2);

(6) Respondents shall file a status report with the Court within **THREE (3) DAYS** of Petitioner's bond hearing, which shall explain whether Petitioner has been granted bond, and if his request for bond was denied, the reasons for that denial; and simply stating that Petitioner's request for bond was denied because he was deemed a "flight risk" or "danger to the community," without more, is insufficient;

(7) Respondents are **ENJOINED** from invoking the automatic stay provision of 8 C.F.R. § 1003.19(i)(2) if Petitioner is released on bond; and

(8) The Respondents are **ENJOINED** from rearresting the Petitioner unless: (1) he has committed a new violation of any federal, state, or local law; (2) he has failed to attend any properly noticed immigration or court hearing; or (3) he is subject to an administratively final removal order pursuant to § 1231.

The Clerk is **DIRECTED** to forward a copy of this Order to the Petitioner and counsel of record for the Respondents.

It is so **ORDERED**.

_Arenda L. Wright Allen_
Arenda L. Wright Allen
Senior United States District Judge

Norfolk, Virginia
June 22, 2026

3